IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02166-GPG

RAY NUNN,

    Plaintiff,

v.

JAMES RELICH, Lt.,
JEREMIAH HANSEN, Sgt.,
ARCHULETA, Warden of Fremont Correctional Facility, and
JOHN DOES,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Ray Nunn, is in the custody of the Colorado Department of Corrections (CDOC) at the Fremont Correctional Facility (FCF) in Canón City, Colorado. He has filed a Prisoner Complaint, pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983, claiming a deprivation of his constitutional rights.

    On October 7, 2015, Magistrate Judge Gordon P. Gallagher reviewed the Complaint and determined that it was deficient because the § 1983 claims appeared to be time barred; Plaintiff failed to allege the personal participation of Defendant Archuleta in the alleged constitutional deprivations; and, the allegations of the Complaint failed to state an arguable due process or equal protection claim. (ECF No. 5). Magistrate Judge Gallagher directed Mr. Nunn to file an Amended Complaint within 30 days of the October 7 Order and to show cause why this action should not be dismissed as time-barred. (*Id.*). Magistrate Judge Gallagher warned Plaintiff in the October 7 Order that failure to comply

by the court-ordered deadline could result in dismissal of this action without further notice. (*Id.*).

Mr. Nunn has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B)(i) requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the Complaint liberally because Mr. Nunn is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not act as an advocate for *pro se* litigants.   S*ee Hall*, 935 F.2d at 1110. For the reasons discussed below, this action will be dismissed.

## I.  The Complaint

Mr. Nunn's handwriting is difficult to decipher.   Notwithstanding, the Court discerns the following allegations in the Complaint.   On July 11, 2013, Defendants Relich and Hansen confiscated Plaintiff's personal property, contrary to the prison's procedures. According to Plaintiff, other inmates who transferred to FCF from private facilities were allowed to receive personal property that was not listed on their personal property sheets, but he was not.   Mr. Nunn alleges that Defendant Warden Archuleta "allowed [Defendants Relich and Hansen] to treat Mr. Nunn differently than other inmates who are [ ] similarly situated." (ECF No 1 at 3). Plaintiff claims that the Defendants violated his Fourteenth Amendment due process and equal protection rights. He seeks monetary and injunctive relief.

## II. Analysis

### A. Statute of Limitations

State law determines the applicable statute of limitations for a § 1983 action. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (holding that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions."). The applicable statute of limitations for a § 1983 claim in Colorado is two years. *See Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993) (citing COLO.REV.STAT. (C.R.S.) § 13-80-102(1)(i) (residual statute of limitations for personal injury actions).

Federal law governs when a § 1983 claim accrues. *Kripp v. Luton*, 466 F.3d 1171, 1175 (10th Cir. 2006) (internal quotation marks omitted). A § 1983 claim accrues, and the limitation period commences, "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* at 1175.

Mr. Nunn alleges that his property was confiscated on July 13, 2013. The allegations of the Complaint indicate that he was aware of his constitutional injuries at the time they occurred, more than two years prior to the commencement of this action.

Although the statute of limitations is an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1), the court may dismiss a claim *sua sponte* on the basis of an affirmative defense if the defense is "obvious from the face of the complaint" and "[n]o further factual record [is] required to be developed in order for the court to assess the [plaintiff's] chances of success." *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987); *see also Fratus v. DeLand*, 49 F.3d 673, 676 (10th Cir. 1995) (stating that dismissal under § 1915 on the basis of an affirmative defense is permitted "when the claim's factual backdrop clearly

beckons the defense").

In the October 7 Order, Magistrate Judge Gallagher directed Mr. Nunn to show cause, in writing, within 30 days, why this action should not be dismissed as time-barred. (ECF No. 5). Plaintiff did not file a response by the court-ordered deadline.

Because Mr. Nunn initiated this action on September 30, 2015, more than two years after the July 13, 2013 confiscation of his property, this § 1983 action is time-barred.

**B. Personal Participation**

In addition, the claims against Defendant Warden Archuleta are subject to dismissal because Mr. Nunn fails to allege specific facts to show the personal participation of Defendant Archuleta in a deprivation of his constitutional rights. Personal participation is an essential element in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir.2009) (citations and quotations omitted); *Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010). A supervisor can only be held liable for his own deliberate intentional acts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

Mr. Nunn alleges that the Warden failed to take remedial action in response to Plaintiff's letters complaining about the confiscation of his property by Defendants Relich and Hansen. However, a supervisor Defendant cannot be held liable under § 1983 on the basis that he denied Plaintiff's grievances or ignored his letters complaining about alleged unconstitutional conduct. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher*, 587 F.3d at 1069; *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").

Accordingly, the claims against Defendant Warden Archuleta will also be dismissed for failure to allege facts to show the Defendant's personal participation in a deprivation of his constitutional rights.

## C. Due Process Claim

Plaintiff's allegations regarding loss or confiscation of his personal property are insufficient to state an arguable due process violation.

The Fourteenth Amendment protects individuals against deprivations of property without due process of law. U.S. Const. amend. XIV, § 1. Insofar as the Defendants merely acted with simple negligence, that would not be enough to raise due process

5

concerns. *See Daniels v. Williams*, 474 U.S. 327, 330–31 (1986) (overruling prior precedent "to the extent that it states that mere lack of due care by a state official may 'deprive' an individual of life, liberty, or property under the Fourteenth Amendment").

Moreover, unauthorized deprivations of a prisoner's property do not violate due process where adequate state post-deprivation remedies are available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Becker v. Kroll*, 494 F.3d 904, 921 (10th Cir. 2007) ("[W]here pre-deprivation remedies cannot anticipate and prevent a state actor's wrongful act, post-deprivation state tort remedies are adequate to satisfy due process requirements."). Mr. Nunn alleges that he exhausted his available administrative remedies. (ECF No. 1 at 7). However, the fact that he did not prevail in the prison's administrative remedy procedure does not render the grievance procedure inadequate. *See Allen v. Reynolds*, No. 11-1266, 475 F. App'x 280, 283 (10th Cir. April 6, 2012) (unpublished). Mr. Nunn also had an adequate state post-deprivation remedy under the Colorado Governmental Immunity Act, at § 24-10-118, C.R.S. (2015). *See Amin v. Voigtsberger*, No. 13-1400, 2014 WL 1259570, at *4 (10th Cir. Mar. 28, 2014) (unpublished). Because Mr. Nunn has failed to allege facts to show that the state remedies available to him were inadequate, the due process claim is also subject to dismissal as legally frivolous.

**D. Equal Protection**

Finally, the allegations of the Complaint fail to state an arguable equal protection claim.

The Equal Protection Clause of the Fourteenth Amendment forbids states from "deny[ing] to any person within [their] jurisdiction the equal protection of the laws." U.S.

6

Const. amend. XIV, § 1. This "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

Mr. Nunn's vague and conclusory assertions that Defendants treated him differently from persons who were similarly situated, without specific supporting factual allegations, are insufficient to state an arguable claim for relief. *See Abdulhaseeb v. Calbone,* 600 F.3d 1301, 1323 (10th Cir.2010) (holding "vague and conclusory allegations, without any specific facts" regarding differential treatment insufficient to support equal protection claim); *see also Straley v. Utah Bd. of Pardons,* 582 F.3d 1208, 1215 (10th Cir. 2009) (stating that Mr. Straley's failure "to identify any similarly situated individual that has been given any different or more beneficial treatment" precluded an equal protection claim); *Brown v. Zavaras*, 63 F.3d 697, 671 (10th Cir. 1995) (stating that complaint's allegations were "too conclusory" to allow for complete equal protection analysis). Accordingly, it is

ORDERED that the Complaint (ECF No. 1) and this action are DISMISSED WITH PREJUDICE as time-barred and pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Nunn files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED November 17, 2015, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court